UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD, | No.  2:20-cv-00271-CKD |
| Plaintiff, | |
| v. | ORDER |
| ISAAC LOCKWOOD, et al., | |
| Defendants. | |

Plaintiff is a county jail inmate proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1    **I.      Screening Requirement**

2          The court is required to screen complaints brought by prisoners seeking relief against a

3    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

4    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

7          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

8    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

9    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

10   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

11   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

12   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

13   Cir. 1989); Franklin, 745 F.2d at 1227.

14          In order to avoid dismissal for failure to state a claim a complaint must contain more than

15   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

16   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

17   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

18   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

19   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

20   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

21   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

22   at 678.  When considering whether a complaint states a claim upon which relief can be granted,

23   the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and

24   construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

25   U.S. 232, 236 (1974).

26   ////

27   ////

28   ////

1

## II.    Allegations in the Complaint

Plaintiff, along with two other named county jail inmates, filed this civil rights action against eight individual deputies at the Shasta County Detention Facility.[1]  The complaint generally alleges that "each plaintiff was beat without cause by one or more of the defendants named…" on unspecified dates.  ECF No. 1 at 5.  In claim two of the complaint, plaintiffs contend that they have been sexually assaulted and harassed by these same deputies.  ECF No. 1 at 6.  Plaintiffs further assert in claim three that "[e]ach defendant has conspired within their professional capacity… to harass, intimidate, and assault the plaintiffs…" by filing false rule violation reports against plaintiffs and destroying their personal property.  ECF No. 1 at 8.  By way of relief, plaintiffs request compensatory and punitive damages.  Id. at 9.

## III.    Legal Standards

### A.  Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

---

[1] As a pro se litigant, plaintiff is prohibited from bringing his claims as a class action.  See Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) (stating that "[a] litigant appearing in propria persona has no authority to represent anyone other than himself."); Axtle v. Cty. of Alameda, Case No. C 12-6404 YGR (PR), 2013 WL 5979201, at *2 (N.D. Cal. Nov. 8, 2013) (emphasizing that "pro se plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class.").  Therefore, plaintiff is cautioned that if he chooses to file an amended complaint, he may only bring claims on his own behalf.

1

**B.  Excessive Force**

2       The Eighth Amendment prohibits cruel and unusual punishment.  "[T]he unnecessary and

3   wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth

4   Amendment."  Whitely v. Albers, 475 U.S. 312, 319 (1986).  "The Eighth Amendment's

5   prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition

6   de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the

7   conscience of mankind."  Wilkins v. Gaddy, 559 U.S. 34, 37-38 (2010) (quoting Hudson v.

8   McMillian, 503 U.S. 1, 9, (1992)) (internal quotations omitted).

9       However, not every malevolent touch by a prison guard gives rise to a federal cause of

10  action.  Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted).  In

11  determining whether the use of force was wanton and unnecessary, courts may evaluate the extent

12  of the prisoner's injury, the need for application of force, the relationship between that need and

13  the amount of force used, the threat reasonably perceived by the responsible officials, and any

14  efforts made to temper the severity of a forceful response.  Hudson, 503 U.S. at 7 (quotation

15  marks and citations omitted).  While the absence of a serious injury is relevant to the Eighth

16  Amendment inquiry, it does not end it.  Hudson, 503 U.S. at 7.  The malicious and sadistic use of

17  force to cause harm always violates contemporary standards of decency.  Wilkins, 559 U.S. at 37

18  (quoting Hudson, 503 U.S. at 9) (quotation marks omitted).  Thus, it is the use of force rather than

19  the resulting injury which ultimately counts.  Id. at 1178.

20

**C.  Sexual Assault and Harassment**

21       Prisoner sexual assault claims fall within the same legal framework as excessive force

22  claims.  While "the Ninth Circuit has recognized that sexual harassment may constitute a

23  cognizable claim for an Eighth Amendment violation, the Court has specifically differentiated

24  between sexual harassment that involves verbal abuse and that which involves allegations of

25  physical assault, finding the lat[t]er to be in violation of the constitution."  Minifield v. Butikofer,

26  298 F. Supp. 2d 900, 904 (N.D. Cal. 2004) (citation omitted).

27

**D.  Deliberate Indifference to Serious Medical Need**

28       Denial or delay of medical care for a prisoner's serious medical needs may constitute a

violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts.  Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Id., citing Estelle, 429 U.S. at 104.  "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'"  Lopez, 203 F. 3d at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  This "subjective approach" focuses only "on what a defendant's mental attitude actually was."  Id. at 839.  A showing of merely negligent medical care is not enough to establish a constitutional violation.  Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.  A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Furthermore, mere delay of

1   medical treatment, "without more, is insufficient to state a claim of deliberate medical

2   indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

3   Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the

4   prisoner must show that the delay caused "significant harm and that Defendants should have

5   known this to be the case." Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

6   **E.  Retaliation**

7          Prison officials generally cannot retaliate against inmates for exercising First Amendment

8   rights. Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985).  Because a prisoner's First

9   Amendment rights are necessarily curtailed, however, a successful retaliation claim requires a

10   finding that "the prison authorities' retaliatory action did not advance legitimate goals of the

11   correctional institution or was not tailored narrowly enough to achieve such goals." Id. at 532.

12   The plaintiff bears the burden of pleading and proving the absence of legitimate correctional

13   goals for the conduct of which he complains. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

14   Also, in order to state a claim for retaliation, plaintiff must point to facts indicating a causal

15   connection between the adverse action and the protected conduct. Watison v. Carter, 668 F.3d

16   1108, 1114 (9th Cir. 2012).

17   **IV.    Analysis**

18          The court finds the allegations in plaintiff's complaint so vague and conclusory that it is

19   unable to determine whether the current action is frivolous or fails to state a claim for relief.

20   Further, the complaint does not contain a short and plain statement as required by Fed. R. Civ. P.

21   8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

22   notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev.

23   Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of

24   particularity overt acts which defendants engaged in that support plaintiff's claim. Id.  Here,

25   plaintiff does not set forth a "short and plain statement" of his claims to demonstrate individual

26   defendants were directly and personally involved in inflicting the alleged injury. See Iqbal, 556

27   U.S. at 676.  Accordingly, the complaint must be dismissed based on plaintiff's failure to comply

28   with the requirements of Fed. R. Civ. P. 8(a)(2).  The court will, however, grant plaintiff leave to

1  file an amended complaint.

2        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

3  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

4  Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in

5  specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

6  § 1983 unless there is some affirmative link or connection between a defendant's actions and the

7  claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory

8  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

9  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10       Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

11  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

12  complaint be complete in itself without reference to any prior pleading.  This is because, as a

13  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

14  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

15  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

16  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

17       **V.      Motion for a Preliminary Injunction/Temporary Restraining Order**

18       Also pending before the court is plaintiff's motion for a preliminary injunction and

19  temporary restraining order.  ECF No. 4.  In his motion, plaintiff seeks a temporary restraining

20  order preventing defendants from performing "a cell extraction, search, or in applying any

21  mechanical or other restraintive [sic] application/device without video surveillance documenting

22  the event with a continuously unobstructed view…."  ECF No. 4 at 1.  He also seeks an order

23  preventing the named defendants from "provoking an inmate with words or actions; falsifying

24  [sic] reports…, involving or informing non-medical staff of an inmates' personal healthcare

25  information…, searching the cell of a pretrial detainee…, or seizing an inmates [sic] property

26  without first providing a receipt."  Id. at 2.  Plaintiff also specifically requests that defendants be

27  ordered not to come within 30 feet of him or the other named plaintiffs in this action.  Id. at 3.

28       A temporary restraining order is an extraordinary measure of relief that a federal court

1   may impose without notice to the adverse party if, in an affidavit or verified complaint, the

2   movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the

3   movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  The

4   purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller

5   hearing.  The standard for issuing a temporary restraining order is essentially the same as that for

6   issuing a preliminary injunction.  Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832,

7   839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary

8   injunctions is "substantially identical").

9        "A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to

10   succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of

11   preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is

12   in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations

13   omitted).  The Ninth Circuit has held that " 'serious questions going to the merits' and a balance

14   of hardships that tips sharply towards the plaintiff can support issuance of a preliminary

15   injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and

16   that the injunction is in the public interest," even if the moving party cannot show that he is likely

17   to succeed on the merits.  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir.

18   2011).  However, under either formulation of the principles, preliminary injunctive relief should

19   be denied if the probability of success on the merits is low.  Johnson v. Cal. State Bd. of

20   Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips

21   decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is

22   a fair chance of success on the merits.'" (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670,

23   675 (9th Cir. 1984))).

24        In this case, plaintiff cannot show that he has a likelihood of success on the merits because

25   the complaint is being dismissed with leave to amend.  Nor does plaintiff demonstrate that he is

26   likely to suffer irreparable harm in the absence of a temporary restraining order.  Plaintiff is

27   further advised that a request for a preliminary injunction is also premature insofar as no

28   defendant has been served.  Zepeda v. United States Immigration & Naturalization Serv., 753

F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").  For all these reasons, plaintiff's motion for a preliminary injunction is denied.

## VI.      Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your complaint and concluded that you do not link any of the alleged constitutional violations to the individual defendants or provide sufficient facts to state a constitutional violation.  This problem may be fixable so you are being given the chance to file an amended complaint within 30 days from the date of this order if you so choose. If you do file an amended complaint, you can only bring claims own behalf, not on behalf of other prisoners. In addition, because there is no cognizable claim in the complaint, your motion for a preliminary injunction/temporary restraining order is being denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Sheriff of Shasta County filed concurrently herewith.

3.  Plaintiff's motion for a preliminary injunction/temporary restraining order (ECF No. 4) is denied.

4.  Plaintiff's complaint is dismissed.

5.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

/////

/////

/////

number assigned this case and must be labeled "Amended Complaint."  Failure to file an

amended complaint in accordance with this order will result in a recommendation that this action

be dismissed.

Dated:  April 22, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/rood0271.screening+TRO.docx