UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD, | No. 2:20-cv-00271-CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| ISAAC LOCKWOOD, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a former county prisoner proceeding pro se in this federal civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.     Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.     Allegations in the First Amended Complaint**

At all times relevant to the allegations in the amended complaint, plaintiff was a pretrial detainee at the Shasta County Jail in Redding, California. He alleges that on two specific dates in 2019 he was attacked and beaten by four deputy sheriffs at the jail resulting in injuries to him. After the beating on October 11, 2019, plaintiff alleges that defendants Lockwood and Van Gerwen told medical staff not to evaluate plaintiff's injuries for treatment. He further contends that defendant Z. Jurkiewicz issued him a false write-up for having a knife in his cell on November 21, 2019. On this same date, defendant Jurkiewicz removed and then destroyed property from plaintiff's cell. After filing several lawsuits against jail deputies, plaintiff contends that defendants Lockwood, Hurte, and Jurkiewicz "made a habit" of destroying his property and legal work in his cell in retaliation for his litigiousness. Lastly, plaintiff asserts that defendant Van Gerwen placed feces onto his food tray, removed portions of food, and told inmate porters to

spit on plaintiff's food all in an attempt to murder plaintiff.

### III.  Legal Standards

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

A prisoner has no constitutionally-guaranteed immunity from being falsely or wrongly accused of conduct that may lead to disciplinary sanctions. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge generally fail to state a claim under section 1983. See Hanrahan v. Lane, 747 F.2d 1137, 1140–41 (7th Cir. 1984). An exception exists when the fabrication of charges infringed on the inmate's substantive constitutional rights, such as when false charges are made in retaliation for an inmate's exercise of a constitutionally protected right. See Sprouse, 870 F.2d at 452 (holding that filing of a false disciplinary charge in retaliation for a grievance filed by an inmate is actionable under section 1983).

Conditions of confinement claims raised by pretrial detainees are analyzed under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998). Nevertheless, comparable standards apply, with Fourteenth Amendment analysis borrowing from Eighth Amendment standards. Frost, 152 F.3d at 1128. "Jail officials have a duty to ensure that detainees are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Shorter v. Baca, 895 F.3d 1176, 1185 (9th Cir. 2018). To prevail on a substantive due process claim, plaintiff must establish that the restrictions imposed by his confinement constituted punishment as opposed to being incident to legitimate governmental purposes. Bell, 441 U.S. at 538. If a particular jail condition is reasonably related to a legitimate government objective, it

3

1  does not amount to punishment absent a showing of an express intent to punish.  Id. at 538–39.

## IV.    Analysis

Based on the above-cited legal standards, the court finds that plaintiff has failed to state a claim upon which relief may be granted against defendant Jurkiewicz for issuing him a false write-up on November 21, 2019.  To the extent that plaintiff complains that defendant Jurkiewicz confiscated and then destroyed property taken from his cell on the same day, this does not state any constitutional claim for relief.  There is no allegation that defendant Jurkiewicz's conduct was done in retaliation for any of plaintiff's protected conduct.  Therefore, the undersigned concludes that plaintiff does not state any valid First Amendment retaliation claim against defendant Jurkiewicz.

However, after conducting the required screening, the court finds that plaintiff may proceed on excessive force claims against defendants Lockwood, Van Gerwen, Hurte, and Jurkiewicz in violation of the Due Process Clause of the Fourteenth Amendment;[1] claims of deliberate indifference to plaintiff's serious medical needs against defendants Lockwood and Van Gerwen  in violation of the Fourteenth Amendment; and, First Amendment retaliation claims against defendants Lockwood, Hurte, and Jurkiewicz.  With respect to the allegations that defendant Van Gerwen tampered with plaintiff's food, the court finds that plaintiff has sufficiently alleged a Fourteenth Amendment due process violation because there is no legitimate government objective in contaminating a prisoner's food.

Plaintiff may elect to proceed immediately on these First and Fourteenth Amendment claims against defendants; or, in the alternative, plaintiff may elect to amend his complaint to attempt to cure the deficiencies with respect to the remaining claims.  See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).  If plaintiff chooses to

---

[1] Excessive force and deliberate indifference claims brought by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Cruel and Unusual Punishment Clause of the Eighth Amendment.  Graham v. Connor, 490 U.S. 386, 395, n. 10 (1989); Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010), overruled on other grounds by Castro v. County of Los Angeles, 833 F.3d 1060 (9th Cir. 2016) (en banc); Oregon Advocacy Center v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003).

proceed on the excessive force, deliberate indifference, retaliation, and conditions of confinement claims found cognizable in this screening order, the court will construe this as a request to voluntarily dismiss the additional claims pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V.      Motion for a Preliminary Injunction/Temporary Restraining Order**

On May 14, 2020, plaintiff filed a second motion requesting a preliminary injunction and a temporary restraining order against defendant officers at the Shasta County Jail.[2] ECF No. 12. In the one-page motion, plaintiff indicates that immediate injunctive relief is "both urgent and necessary" based on information contained in his complaint as well as "accompanying affidavits." ECF No. 12 at 1. The court notes that no affidavits were filed along with the motion, but a letter

---

[2] Attached to plaintiff's first amended complaint is a proposed temporary restraining order that prevents defendants from "contacting, attempting to contact, entering the domicile, or coming within 20 yards of plaintiff…. Other than for medical purposes or to ensure his/her immediate safety…." ECF No. 11 at 12.

1  from inmate Jose Flores and plaintiff, both purporting to be affidavits, were subsequently filed on
2  June 14, 2020.  ECF No. 15 at 506.  Additionally, plaintiff submitted a copy of a threatening note
3  received from another inmate who indicated that the jail guards were going to open their doors
4  simultaneously so that plaintiff could be attacked.  ECF No. 14.  Based on a review of all of these
5  filings, plaintiff describes an additional incident involving the use of excessive force against him
6  by defendants as well as other non-defendant jail guards on June 12, 2020.  Following this use of
7  force, plaintiff was pepper-sprayed, and then denied the ability to decontaminate himself because
8  the water was turned off to his cell.  ECF No. 15 at 3-4.

9  Based on the return of a court order in another pending case, the court sua sponte updated
10  plaintiff's address to North Kern State Prison on October 16, 2020 following a search on the
11  CDCR's inmate locator system.  See Rood v. Shasta County Jail Medical Staff, et al., Case No.
12  2:19-cv-01630-MCE-DB (E.D. Cal.).  The court therefore takes judicial notice of the fact that
13  plaintiff has been transferred from the Shasta County Jail to the custody of the California
14  Department of Corrections and Rehabilitation.  See Fed. R. Evid. 201(b); Lee v. City of Los
15  Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (emphasizing that the court may take judicial notice
16  of undisputed "matters of public record."), overruled on other grounds by Galbraith v. Cnty. Of
17  Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

18  **A.    Legal Standards**

19  A temporary restraining order is an extraordinary and temporary "fix" that the court may
20  issue without notice to the adverse party if, in an affidavit or verified complaint, the movant
21  "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant
22  before the adverse party can be heard in opposition."  See Fed. R. Civ. P. 65(b)(1)(A).  A
23  preliminary injunction represents the exercise of a far-reaching power not to be indulged except
24  in a case clearly warranting it.  Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir.
25  1964).  "The proper legal standard for preliminary injunctive relief requires a party to
26  demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm
27  in the absence of preliminary relief, that the balance of equities tips in his favor, and that an
28  injunction is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir.

1  2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal quotations
2  omitted).

3        The Ninth Circuit's sliding-scale test for a preliminary injunction has been incorporated
4  into the Supreme Court's four-part Winter's standard.  Alliance for Wild Rockies v. Cottrell, 632
5  F.3d 1127, 1131 (9th Cir. 2011) (explaining that the sliding scale approach allowed a stronger
6  showing of one element to offset a weaker showing of another element).  "In other words,
7  'serious questions going to the merits' and a hardship balance that tips sharply towards the
8  plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test
9  are also met."  Alliance, 632 F.3d at 1131-32 (citations omitted).  Additionally, in cases brought
10 by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly
11 drawn, extend no further than necessary to correct the harm the court finds requires preliminary
12 relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

13       A motion for preliminary injunction must be supported by "[e]vidence that goes beyond
14 the unverified allegations of the pleadings."  Fidelity Nat. Title Ins. Co. v. Castle, No. C-11-
15 00896-SI, 2011 WL 5882878, *3 (N.D. Cal. Nov. 23, 2011) (citing 9 Wright & Miller, Federal
16 Practice & Procedure § 2949 (2011)).  The plaintiff, as the moving party, bears the burden of
17 establishing the merits of his or her claims.  See Winter v. Nat. Res. Def. Council, Inc., 555 U.S.
18 7, 20 (2008).

19 **VI.    Analysis**

20       In order to demonstrate irreparable harm necessitating injunctive relief, plaintiff must
21 show a presently existing and actual threat, although injury need not be certain to occur.  See
22 Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130–31 (1969); FDIC v. Garner,
23 125 F.3d 1272, 1279–80 (9th Cir. 1997).  The undersigned recommends denying plaintiff's
24 motion for a preliminary injunction as moot since plaintiff is no longer in custody at the Shasta
25 County Jail.  The defendants in this action are no longer guards at the facility where plaintiff is
26 housed.  As a result, plaintiff cannot demonstrate any irreparable harm that will befall him in the
27 absence of injunctive relief.  See Zenith Radio Corp., 395 U.S. at 130-31.  Accordingly, the
28 motion should be denied as moot.

### VII.     Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the complaint state claims for relief against the defendants, and some do not.  You may choose to file a second amended complaint to try to fix these problems.  You must decide if you want to (1) proceed immediately on the First and Fourteenth Amendment claims found cognizable in the instant screening order; or, (2) amend the complaint to fix the problems identified in this order with respect to the remaining claims.  **Once you decide, you must complete the attached Notice of Election form by checking only one of the appropriate boxes and returning it to the court.**

Once the court receives the Notice of Election, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for the defendants to be served with a copy of the complaint).  If you do not return this Notice, the court will order service of the complaint only on the claims found cognizable in this screening order and will recommend dismissing the remaining claims.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of Court randomly assign this matter to a district court judge.

2. Plaintiff has the option to proceed immediately on the excessive force claims against defendants Lockwood, Van Gerwen, Hurte, and Jurkiewicz; the deliberate indifference claims against defendants Lockwood and Van Gerwen; the First Amendment retaliation claims against defendants Lockwood, Hurte, and Jurkiewicz; and, the conditions of confinement claim against Van Gerwen.  In the alternative, plaintiff may choose to amend the complaint to fix the deficiencies identified in this order with respect to the remaining claims.

3. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file a second amended complaint.

4. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claims and proceed only on the

8

1  cognizable claims identified above.

2  5. Plaintiff is ordered to notify the Clerk of Court and all other parties of any change of
3  address pursuant to Local Rule 182.  As a one-time courtesy to plaintiff, the Clerk of Court has
4  updated plaintiff's address to Colton James Rood, AL-3577, North Kern State Prison, P.O. Box
5  5005, Delano, CA 93216-0567.

6  IT IS FUTHER RECOMMENDED that plaintiff's motion for a preliminary injunction
7  and temporary restraining order (ECF No. 12) be denied as moot based on his transfer to the
8  CDCR.

9  These findings and recommendations are submitted to the United States District Judge
10  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
11  after being served with these findings and recommendations, any party may file written
12  objections with the court and serve a copy on all parties.  Such a document should be captioned
13  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
14  objections shall be served and filed within fourteen days after service of the objections.  The
15  parties are advised that failure to file objections within the specified time may waive the right to
16  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17  Dated:  October 22, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

25  12/rood0271.option.FAC.docx

9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

COLTON JAMES ROOD,

    Plaintiff,

v.

ISAAC LOCKWOOD, et al.,

    Defendants.

No. 2:20-CV-00271-CKD

NOTICE OF ELECTION

**Check only one option:**

\_\_\_\_\_  Plaintiff wants to proceed immediately on the excessive force claims against defendants Lockwood, Van Gerwen, Hurte, and Jurkiewicz; the deliberate indifference claims against defendants Lockwood and Van Gerwen; the First Amendment retaliation claims against defendants Lockwood, Hurte, and Jurkiewicz; and, the conditions of confinement claim against defendant Van Gerwen.  Plaintiff voluntarily dismisses the remaining claims.

\_\_\_\_\_  Plaintiff wants time to file a second amended complaint.

DATED:

_____

Plaintiff