UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD, | No.  2:20-cv-0271 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| LOCKWOOD, et al., | |
| Defendants. | |

Plaintiff has requested the appointment of counsel. ECF No. 47. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests that the court either appoint counsel or distribute his case to the list of prospective pro bono attorneys maintained by the court. ECF No. 47 at 1. He states that he requires counsel because he is indigent, his imprisonment limits his ability to litigate this action, his access to the law library and legal knowledge are limited, counsel would be able to better present evidence and cross-examine witnesses, and he has been unable to obtain counsel on his own. Id. at 1-2. However, these circumstances are common to most prisoners and do not establish the necessary exceptional circumstances. To the extent the request is based upon the need for counsel at trial, it is premature. Finally, plaintiff alleges that staff have retaliated against him by denying him access to the law library, copies, and envelopes, but does not provide specific facts or evidence to support this claim. For these reasons, plaintiff has not shown the existence of extraordinary circumstances warranting the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel, ECF No. 47, is DENIED.

DATED: March 1, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE